UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| RES DEVELOPMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MOMENTIVE PERFORMANCE MATERIALS INC.,<br><br>Defendant. | Case No. 5:09-cv-491-Oc-32GRJ<br><br>**DEMAND FOR JURY TRIAL** |

## ANSWER AND COUNTERCLAIMS

Defendant, Momentive Performance Materials Inc. ("Momentive"), by its undersigned attorneys, answers the Complaint filed by Plaintiff RES Development Corporation ("RES") as follows:

### ANSWER TO PLAINTIFF'S COMPLAINT

1. Momentive admits that RES has styled its complaint as one for patent infringement under 35 U.S.C. §1 et seq.

2. Momentive lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies the same.

3. Momentive admits the allegations of Paragraph 3.

4. Momentive admits that in Paragraph 4, RES is asserting a claim under the patent laws of the United States, and that subject matter jurisdiction exists, but denies that

RES has asserted a proper or viable claim in this action or that RES is entitled to any of the requested relief.

5. Momentive admits the allegations of Paragraph 5.

6. Momentive admits that this is one District in Florida in which venue is proper. Momentive denies the remaining allegations in Paragraph 6.

7. Momentive admits that a copy of U.S. Patent No. 6,841,602 ("the '602 patent") is attached to the Complaint as Exhibit A, that the '602 patent is titled "Thermoset Polymers with Polyfluoroalkylsiloxane Modified Surfaces" and that the issue date on the '602 patent is January 11, 2005. Momentive denies that the '602 patent was duly and legally issued. Momentive lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 7 and therefore denies the same.

## COUNT I

8. Momentive incorporates by reference its answers to Paragraphs 1-7 as set forth herein in response to Paragraph 8.

9. Denied.

10. Denied.

11. Denied.

12. Momentive admits that counsel for RES sent a copy of the '602 patent to a representative of Momentive prior to filing the Complaint. In response, counsel for Momentive provided RES with proof that the '602 patent is invalid. Despite such proof of invalidity, and after waiting more than fourteen months, RES filed the instant Complaint. Momentive denies each and every remaining allegation in Paragraph 12.

13.     Denied.

## ANSWER TO PLAINTIFF'S DEMAND FOR RELIEF

14.     Momentive denies that RES is entitled to any relief whatsoever.

## FIRST AFFIRMATIVE DEFENSE

15.     The claims of U.S. Patent No. 6,841,602 are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103 and 112.

## SECOND AFFIRMATIVE DEFENSE

16.     The claims of U.S. Patent No. 6,841,602 are not infringed by any product manufactured, used, sold, offered for sale or imported by Momentive.

## THIRD AFFIRMATIVE DEFENSE

17.     By reason of the prosecution before the United States Patent and Trademark Office leading to the issuance of U.S. Patent No. 6,841,602, the Plaintiffs are estopped from claiming infringement by Momentive of one or more claims of the '602 patent.

## FOURTH AFFIRMATIVE DEFENSE

18.     RES may not recover damages for any alleged infringement before the filing of the instant lawsuit based on the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

19.     Pursuant to 35 U.S.C. § 287, RES may not recover damages for any alleged infringement before it gave actual notice of infringement of U.S. Patent No. 6,841,602 to Momentive.

## COUNTERCLAIMS

For its Counterclaims against RES Development Corporation ("RES"), Momentive Performance Materials Inc. ("Momentive") alleges against RES as follows:

1. These Counterclaims arise under the Patent Laws of the United States, Title 35, U.S.C. §§ 1 et seq., and seek a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

2. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

4. The Counterclaims by Momentive against RES include claims for declaratory relief and judgment concerning U.S. Patent No. 6,841,602 ("the '602 patent"). With respect to these claims, and as a result of RES's Complaint, an actual and justiciable controversy exists between Momentive and RES concerning the invalidity and non-infringement of the '602 patent.

## THE PARTIES

5. Momentive is a corporation formed and existing under the laws of the State of Delaware, having a place of business located at 22 Corporate Woods Boulevard, Albany, New York, 12211.

6. Based upon the allegations in the Complaint, RES is a corporation formed and existing under the laws of the State of Florida with offices located at 5590 S. Grey Oak, Lecanto, Florida, 34460.

## CLAIMS FOR RELIEF
## FIRST COUNTERCLAIM – DECLARATORY JUDGMENT
### No infringement of the '602 Patent

7. Momentive incorporates by reference its allegations as set forth in Paragraphs 1-6 of the Counterclaims herein.

8. In its Complaint, RES alleges that it owns the '602 patent.

9. RES has charged Momentive with infringement of the '602 patent.

10. Momentive has not and is not infringing, has not induced or contributed to, and is not inducing or contributing to the infringement of the '602 patent.

11. Momentive is entitled to a judicial declaration that the manufacture, use, offer for sale, sale or importation of its products do not infringe any valid claim of the '602 patent.

## SECOND COUNTERCLAIM – DECLARATORY JUDGMENT
### Invalidity of the '602 Patent

12. Momentive incorporates by reference its allegations as set forth in Paragraphs 1-11 of the Counterclaims herein.

13. The '602 patent is invalid for failure to comply with the requirements of one or more of 35 U.S.C. §§ 102, 103 and 112.

14. Momentive requests that this Court enter a declaratory judgment that the '602 patent is invalid.

WHEREFORE, MOMENTIVE prays for judgment as follows:

(a) that RES's Complaint be dismissed with prejudice, that judgment be entered in favor of Momentive and against RES on its Complaint, and that RES take nothing by reason of its claims or otherwise;

(b) an Order that U.S. Patent No. 6,841,602 is invalid;

(c) an Order that Momentive is not infringing and has not infringed the claims of U.S. Patent No. 6,841,602.

(f) an Order that this case be declared an exceptional case and that Momentive be awarded its costs and attorneys fees pursuant to 35 U.S.C. § 285; and

(g) that Momentive be awarded such further legal and equitable relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Momentive demands a trial by jury as to all issues and causes of action which are so triable by right to a jury pursuant to Federal Rule of Civil Procedure 38.

Dated: January 8, 2010

By: s/Timothy J. Conner
Timothy J. Conner
Florida Bar No. 767580
HOLLAND & KNIGHT
50 North Laura Street
Suite 3900
Jacksonville, FL 32202
Tel: (904) 798-7362
Fax: (904) 358-1872
Email: timothy.conner@hklaw.com

Edmond R. Bannon
FISH & RICHARDSON P.C.
601 Lexington Avenue
52nd Floor
New York, NY 10022-4611
Tel: (212) 765-5070
Fax: (212) 258-2291
Email: bannon@fr.com

Attorneys for Defendant
Momentive Performance Materials Inc.

## CERTIFICATE OF SERVICE

I certify that on January 8, 2010, a true copy of the foregoing was filed via electronic filing with the Clerk of Court using the CM/ECF system and that a copy hereof will be electronically served by the electronic filing system directly upon all counsel of record.

s/Timothy J. Conner
TIMOTHY J. CONNER