IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| RES DEVELOPMENT CORPORATION,    )<br>)<br>Plaintiff,    )<br>)<br>v.    )<br>)<br>MOMENTIVE PERFORMANCE    )<br>MATERIALS INC.,    )<br>)<br>Defendant.    )<br>) | Civil No. 5:09-CV-491-OC-32GRJ |

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-43)

Plaintiff, RES Development Corporation, by counsel, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby propounds the following requests for production of documents and/or things to defendant Momentive Performance Materials Inc., requesting it to forward copies of the following requested documents and/or things, or, in the alternative, to produce the requested documents and/or things for photocopying and/or inspection, at the offices of Reed Smith LLP, 3110 Fairview Park Drive, Suite 1400, Falls Church, Virginia 22042.

## INSTRUCTIONS AND DEFINITIONS

The following instructions and definitions shall apply in these requests:

## INSTRUCTIONS

A.    If you object to any of these requests, then you shall state the reason for your objections. If you object to any part of an request, then you shall further specify the part. Similarly, if you do not object to a particular request, but are unable to respond fully, then you shall answer to the fullest extent possible and provide an explanation for your failure to answer completely.

**EXHIBIT**

tabbies®

1

B.      All of these requests are directed not only to information in the possession, custody or control of you or your directors, officers, trustees, agents, employees, representatives, and – unless privileged – legal counsel, but also to information in the possession, custody, or control of any "person" (as defined herein) that you control and to any information in the possession, custody, or control of any directors, officers, trustees, agents, employees, representatives, and – unless privileged – legal counsel of any such person.

C.      If any information is withheld from discovery on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the information not provided that is sufficient to enable the Court to evaluate the claim.

D.      The phrasing of these requests shall be construed so as to make your response inclusive rather than exclusive.  Thus, the word "including" is intended to be comprehensive and means "including but not limited to."  Similarly, the singular form of all words include the plural form and the plural form of all words includes the singular form; the word "and" and "or" shall be interpreted as both conjunctive and disjunctive; the word "any" shall mean "any and all"; and the word "each" shall mean "each and every."

E.      Unless otherwise specifically indicated, these requests shall have no time limitations and should be amended or supplemented in accordance with Rule 26.

## DEFINITIONS

A.      The word "document" shall have the same meaning as used in Rule 34, including (without limitation) writings, drawings, graphs, charts, photographs, e-mail, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by the defendant through detection devices into reasonably usable form.

B.     The word "person" shall mean any natural person, corporation, partnership, firm, association, joint venture, sole proprietorship, trust, department, agency, or any other legal, business, or governmental entity.  Unless otherwise stated, all references to corporations or other legal entities (including, without limitation, the parties to this action) shall encompass all predecessor or successor corporations or other legal entities; all past and present parent, subsidiary, and affiliate corporations or other legal entities; and all past or present shareholders, directors, officers, trustees, agents, employees, representatives, and, where not privileged, in-house or outside legal counsel for such corporations or other legal entities.

C.     The word "Plaintiff" or "RES" shall mean the plaintiff in this action, RES Development Corporation, including anyone acting on its behalf.

D.     The word "you" or "your" or "Momentive" shall mean the defendant, Momentive Performance Materials Inc., and shall include GE Advanced Materials, an operating unit within the industrial segment of General Electric Company, that was acquired pursuant to the terms of a Stock and Asset Purchase Agreement dated as of September 14, 2006.

E.     The term "all documents" includes each and every document that refers, reflects, or relates, directly or indirectly, in whole or in part, to the subject matter described in a given document request.

F.     The terms "relate to" or "relating to" shall mean constituting, discussing, mentioning, containing, embodying, reflecting, identifying, incorporating, referring to, dealing with, or pertaining to in any way.

G.     The word "communication" means any transmission of information, in any form, via any medium, from any person or persons to any other person or persons.  In the case of information transmitted by means of a document, "communication" includes any copy of such

document and any other document incorporating, summarizing, or describing the contents of the transmission. In the case of information transmitted by any other means (e.g., orally or electronically), "communication" includes any document containing a recording, transcription, summary or description of the transmission or identifying the time, place, subject matter, medium of transmission and/or participants in the transmission.

       H.     The term "'602 Patent" refers to United States Letters Patent No. 6,841,602, a copy of which was attached as Exhibit A to the Complaint filed in this action.

       I.     The term "Thermoset Resin(s)" means any thermoset resin containing polyfluoroalkylsiloxane or any thermosettable resin containing polyfluoroalkylsiloxane including, without limitation, FSL 7210 and FSL 7208.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

      All communications between RES and Momentive reflecting, referring or relating to the '602 Patent.

### RESPONSE:


### DOCUMENT REQUEST NO. 2:

      All communications between Momentive and any person other than RES relating to the '602 Patent.

### RESPONSE:


### DOCUMENT REQUEST NO. 3:

      All internal communications at Momentive relating to the '602 Patent.

**RESPONSE:**


**DOCUMENT REQUEST NO. 4:**

All documents that reflect, refer or relate to any statements made by RES relating to the '602 Patent and/or Momentive.

**RESPONSE:**


**DOCUMENT REQUEST NO. 5:**

All opinions of counsel relating to any claim(s) of the '602 Patent.

**RESPONSE:**


**DOCUMENT REQUEST NO. 6:**

All documents reviewed, analyzed or evaluated in connection with any opinion or analysis that you have, or have not, infringed, induced infringement, and/or contributed to the infringement of the '602 Patent and/or that any claim(s) of the '602 Patent are invalid or unenforceable.

**RESPONSE:**


**DOCUMENT REQUEST NO. 7:**

All claim charts summarizing or explaining how Momentive's Thermoset Resins infringe, or allegedly do not infringe, any claim(s) of the '602 Patent.

**RESPONSE:**

**DOCUMENT REQUEST NO. 8:**

All technical journals, whitepapers, patent applications or invention disclosures relating to Momentive's Thermoset Resins.

**RESPONSE:**

**DOCUMENT REQUEST NO. 9:**

All documents that reflect, refer or relate to any research, experimentation, testing or analysis of Momentive's Thermoset Resins.

**RESPONSE:**

**DOCUMENT REQUEST NO. 10:**

One sample of each of the following Momentive products:

(a)    FSL 7210;

(b)    FSL 7208; and

(c)    any other Momentive Thermoset Resin.

**RESPONSE:**

**DOCUMENT REQUEST NO. 11:**

All documents reflecting the chemical composition of Momentive's Thermoset Resins.

**RESPONSE:**

**DOCUMENT REQUEST NO. 12:**

All documents reflecting, referring or relating to when Momentive first made, used, offered to sell or sold within the United States, or imported into the United States, any Thermoset Resin.

**RESPONSE:**


**DOCUMENT REQUEST NO. 13:**

All instructions and/or directions that Momentive has made available or provided to its customers and/or distributors relating to Momentive's Thermoset Resins.

**RESPONSE:**


**DOCUMENT REQUEST NO. 14:**

All Material Safety Data Sheets for Momentive's Thermoset Resins.

**RESPONSE:**


**DOCUMENT REQUEST NO. 15:**

All brochures, pamphlets, sales literature, or other marketing materials reflecting, referring or relating to Momentive's Thermoset Resins.

**RESPONSE:**


**DOCUMENT REQUEST NO. 16:**

All documents reflecting, referring or relating to the development of Momentive's Thermoset Resins.

**RESPONSE:**

**DOCUMENT REQUEST NO. 17:**

All prior art relating to any claim(s) of the '602 Patent.

**RESPONSE:**


**DOCUMENT REQUEST NO. 18:**

All documents that reflect, refer or relate to any study or search of prior art that relates to the invention(s) claimed in the '602 Patent, including, but not limited to, any study or search to determine the patentability of such invention(s), the validity or the enforceability of any claim(s) of the '602 Patent, or the enforceable scope of any claim(s) of the '602 Patent.

**RESPONSE:**


**DOCUMENT REQUEST NO. 19:**

All documents that reflect, refer or relate to the validity or invalidity, enforceability or unenforceability of any claim(s) of the '602 Patent.

**RESPONSE:**

**DOCUMENT REQUEST NO. 20:**

All documents that reflect, refer or relate to any search, investigation, study, analysis, opinion, or summary regarding the infringement, non-infringement, validity, invalidity, enforceability, unenforceability, patentability, or non-patentability of any claim(s) of the '602 Patent, whether or not performed in connection with this action.

**RESPONSE:**

**DOCUMENT REQUEST NO. 21:**

All documents that reflect, refer or relate to any special or uncommon meaning of any claim terms contained in the '602 Patent.

**RESPONSE:**

**DOCUMENT REQUEST NO. 22:**

All documents that reflect, refer or relate to your proposed construction of the claims of the '602 Patent.

**RESPONSE:**

**DOCUMENT REQUEST NO. 23:**

All documents that reflect, refer or relate to the level of ordinary skill in the art for the inventions claimed in the '602 Patent.

**RESPONSE:**

**DOCUMENT REQUEST NO. 24:**

The reports of all expert witnesses who you expect to testify at the trial of this action, and a curriculum vitae for each such expert witness.

**RESPONSE:**

**DOCUMENT REQUEST NO. 25:**

All documents and things provided to and/or reviewed by any expert witness who is expected to testify at any motion, hearing or trial in this action.

**RESPONSE:**

**DOCUMENT REQUEST NO. 26:**

All investment prospectuses, business plans, marketing plans, market projections, five-year plans, or the like that reflect, refer or relate to Momentive's Thermoset Resins.

**RESPONSE:**

**DOCUMENT REQUEST NO. 27:**

All financial statements of Momentive from January 1, 2002 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 28:**

All tax returns of Momentive from January 1, 2002 through the present.

**RESPONSE:**

**DOCUMENT REQUEST NO. 29:**

All sales documents, including invoices, purchase orders, receipts, spreadsheets, databases, and other documents showing the quantity of Momentive's Thermoset Resins that Momentive made, used, sold, offered for sale, or imported within the United States from January 1, 2002 through the present.

**RESPONSE:**


**DOCUMENT REQUEST NO. 30:**

All documents that reflect, refer or relate to what you contend a reasonable royalty should be in this action.

**RESPONSE:**


**DOCUMENT REQUEST NO. 31:**

All documents reflecting the gross and net profit on sales of Momentive's Thermoset Resins from January 1, 2002 through the present.

**RESPONSE:**


**DOCUMENT REQUEST NO. 32:**

All agreements between Momentive and its "downstream" customers and/or distributors relating to Momentive's Thermoset Resins.

**RESPONSE:**

**DOCUMENT REQUEST NO. 33:**

All agreements between Momentive and its "upstream" suppliers relating to Momentive's Thermoset Resins.

**RESPONSE:**


**DOCUMENT REQUEST NO. 34:**

Documents sufficient to disclose Momentive's organizational structure and to identify the names, job titles, and duties of each person having or at any time having had responsibility for or duties related to the development of Momentive's Thermoset Resins.

**RESPONSE:**


**DOCUMENT REQUEST NO. 35:**

All documents that reflect, refer or relate to Momentive's document retention policies and practices.

**RESPONSE:**


**DOCUMENT REQUEST NO. 36:**

One copy of each license (including patent, trademark, copyright or other intellectual property rights) that relates to Momentive's Thermoset Resins.

**RESPONSE:**

**DOCUMENT REQUEST NO. 37:**

All documents that reflect, refer or relate to your First Affirmative Defense asserting that the claims of the '602 Patent are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 102, 103 and 112.

**RESPONSE:**


**DOCUMENT REQUEST NO. 38:**

All documents that reflect, refer or relate to your Second Affirmative Defense asserting that the claims of the '602 Patent are not infringed by any product manufactured, used, sold, offered for sale or imported by Momentive.

**RESPONSE:**


**DOCUMENT REQUEST NO. 39:**

All documents that reflect, refer or relate to your Third Affirmative Defense asserting that by reason of the prosecution before the USPTO leading to the issuance of the '602 Patent, RES is estopped from claiming infringement by Momentive of one or more claims of the '602 Patent.

**RESPONSE:**


**DOCUMENT REQUEST NO. 40:**

All documents that reflect, refer or relate to your Fourth Affirmative Defense asserting that RES may not recover damages for any alleged infringement before the filing of the instant lawsuit based on the doctrine of laches.

**RESPONSE:**

-13-

**DOCUMENT REQUEST NO. 41:**

All documents that reflect, refer or relate to your Fifth Affirmative Defense asserting that pursuant to 35 U.S.C. § 287, RES may not recover damages for any alleged infringement before it gave actual notice of infringement of the '602 Patent to Momentive.

**RESPONSE:**


**DOCUMENT REQUEST NO. 42:**

All documents that reflect, refer or relate to the allegations in paragraphs 10 and 11 of Momentive's First Counterclaim ("No infringement of the '602 Patent").

**RESPONSE:**


**DOCUMENT REQUEST NO. 43:**

All documents that reflect, refer or relate to the allegations in paragraphs 13 and 14 of Momentive's Second Counterclaim ("Invalidity of the '602 Patent").

**RESPONSE:**


RES DEVELOPMENT CORPORATION
By Counsel

REED SMITH LLP

_____

Mark W. Wasserman (*admitted Pro Hac Vice*)
Matthew R. Sheldon (*admitted Pro Hac Vice*)
3110 Fairview Park Drive
Suite 1400
Falls Church, Virginia 22042
Telephone: (703) 641-4229
Fax: (703) 641-4340
E-mail: mwasserman@reedsmith.com
         msheldon@reedsmith.com


John B. Fuller (Florida Bar No. 161931)
Gordon J. Glover (Florida Bar No. 14345)
AYRES CLUSTER CURRY MCCALL COLLINS
   & FULLER, P.A.
Post Office Box 1148
Ocala, Florida 34478-1148
Telephone: (352) 351-2222
Fax: (352) 351-0312
E-mail: john.fuller@ayresclusterlaw.com
         Gordon.glover@ayresclusterlaw.com

Counsel for Plaintiff, RES Development Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of February, 2010, a true copy of the foregoing Plaintiff's First Request for Production of Documents and Things (Nos. 1-43) was sent via electronic mail and first class mail, postage prepaid, to:

> Edmond Bannon, Esq.
> FISH & RICHARDSON, P.C.
> 601 Lexington Avenue
> 52nd Floor
> New York, New York  10022-4611
>
> Timothy J. Connor (Fl. Bar No. 767580)
> HOLLAND & KNIGHT
> 50 North Laura Street
> Suite 3900
> Jacksonville, Florida  32202

Mark W. Wasserman