UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RES DEVELOPMENT CORPORATION,

    Plaintiff,

v.                                                               CASE NO. 5:09-cv-491-Oc-32JBT

MOMENTIVE PERFORMANCE
MATERIALS, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Extension of Time to File Motion to Compel Discovery and Memorandum in Support ("the Motion for Extension") (Doc. 57) and Plaintiff's Amended Motion to Seal ("the Motion to Seal") (Doc. 47). Defendant filed responses in opposition to both motions. (*See* Docs. 49 & 60.) As explained further below, the Motion for Extension will be **GRANTED**, and the Motion to Seal will be **DENIED**, but Plaintiff may not file its motion to compel until Defendant has had an opportunity to show good cause for the proposed sealing, and the Court has ruled on that issue.

    **I.**    **The Motion for Extension**

The Court will grant the Motion for Extension (Doc. 57) to the extent that Plaintiff will be allowed to file a motion to compel in accord with the below-described procedure. However, as discussed below, there has not yet been a sufficient showing to justify sealing the motion. Moreover, if and when Plaintiff files a motion to compel, the Court will address the timeliness of that motion when ruling on it.

    **II.**    **The Motion to Seal**

The common-law right of access to judicial proceedings does not apply to discovery materials, "as these materials are neither public documents nor judicial records." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citation omitted). Moreover, "[w]here discovery materials are concerned, the constitutional right of access standard is identical to that of Rule 26(c) of the Federal Rules of Civil Procedure." *Id.* at 1310 (citation omitted). Thus, the Court must apply the "good cause" standard pursuant to Rule 26(c) when determining whether discovery materials should be sealed. Under this standard, "[t]he prerequisite is a showing of 'good cause' made by the party seeking protection." *Id.* at 1313. Whether good cause exists "is a factual matter to be decided by the nature and character of the information in question." *Id.* at 1315. Further, "[f]ederal courts have superimposed a balancing of interests approach for Rule 26's good cause requirement. This standard requires the district court to balance the [public's] interest in obtaining access against the [litigant's] interest in keeping the information confidential." *Id.* at 1313.

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether the allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citations omitted). Local Rule 1.09(a) provides additional requirements for motions to seal.

In the Motion to Seal, Plaintiff requests that it be allowed to file under seal its proposed motion to compel discovery. (Doc. 47.) Representative of all of Plaintiff's explanations for why sealing is necessary, Plaintiff states that "[s]ealing the Motion to Compel is necessary because it includes and refers to documents designated by Momentive as 'Confidential Attorneys-Eyes Only' under the Stipulated Protective Order in this case." (*Id.* at 1.) While the Court recognizes that the parties agreed to the Stipulated Protective Order (Doc. 15), the Court reminds the parties that whether documents may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. Plaintiff does not provide sufficient valid reasons for sealing and has not satisfied the "good cause" standard discussed above. Moreover, Defendant's response in opposition to the Motion to Seal does not satisfy the "good cause" standard. (*See* Doc. 49.)

Upon consideration, it is **ORDERED**:

1. The Motion for Extension (**Doc. 57**) is **GRANTED** to the extent that Plaintiff will be allowed to file its proposed motion to compel, after Defendant has an opportunity to address the sealing issue.

2. The Motion to Seal (**Doc. 47**) is **DENIED**.

3. **On or before July 15, 2011**, Defendant may file its own motion to seal any documents that it believes are appropriate for seal. Any such motion should be no broader than necessary and must satisfy the standards for sealing discussed herein. If necessary, Defendant must confer with Plaintiff to determine exactly which document(s) or portions thereof Plaintiff proposes to file. In the absence of a motion

3

to seal filed on or before July 15, 2011, Plaintiff may file its proposed motion to compel. If Defendant does file a motion to seal by the deadline, Plaintiff will not file its proposed motion to compel until after the Court has ruled on the sealing issue.

**DONE AND ORDERED** at Jacksonville, Florida, on July 1, 2011.

_____
JOEL B. TOOMEY
United States Magistrate Judge


Copies to:   Counsel of Record