UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RES DEVELOPMENT CORPORATION,

    Plaintiff,

v.                                                         Case No. 5:09-cv-491-Oc-10GRJ

MOMENTIVE PERFORMANCE
MATERIALS, INC.,

    Defendant.
_____/

## ORDER

Pending before the Court is Plaintiff's Amended Motion to Compel Discovery (Doc. 76). On December 1, 2011, the Court heard argument on the motion, following which the Court denied the motion and advised the parties that a written opinion would be issued.

In its motion to compel, Plaintiff seeks an Order compelling Defendant to produce all batch sheets. At the hearing, however, counsel for Defendant represented that Defendant now has produced all batch sheets. While Plaintiff speculates that more batch sheets may exist, the Court is satisfied by counsel's representation, and thus Plaintiff's request is denied.

Plaintiff also asks that Defendant be required to produce a second 30(b)(6) witness for deposition who can testify about: (a) Defendant's efforts to search for and retrieve the batch sheets; (b) what happened to any of the missing batch sheets; (c) the contents of any batch sheets produced after RES originally took Defendant's 30(b)(6) deposition in November, 2010, including the batch sheet numbering system

for those documents; and (d) manufacture of the accused by any third party not disclosed until after the discovery cut off.[1]

Defendant has represented that it has produced all batch sheets and thus, there is no need for a 30(b)(6) witness to testify regarding the efforts taken by Defendant to retrieve batch sheets or about what happened to any allegedly "missing batch sheets."

The Court is unpersuaded that it should reopen discovery so that Plaintiff can question a 30(b)(6) witness about the contents of batch sheets, where as here, Plaintiff failed to ask any questions about the contents of batch sheets at the earlier 30(b)(6) deposition. The Court will not allow Plaintiff to address these issues for the first time – months after the close of discovery – because some batch sheets (which apparently do not significantly vary in form or content) were produced after discovery.

Lastly, the Court will not permit Plaintiff to depose another 30(b)(6) witness regarding third-party manufacturers of the accused products nor will it allow Plaintiff to subpoena documents from Cri-Sil based solely on Plaintiff's argument that information about Cri-Sil was not disclosed until after the close of discovery.   Simply stated, Plaintiff did not ask for this information during the discovery period. Indeed, Plaintiff did not point to any discovery request that requested such information; the only discovery request at issue in the instant motion was Document Request No. 11, which

---

[1] In its motion, Plaintiff requested that a 30(b)(6) witness also testify about any sales data produced after Defendant's 30(b)(6) deposition in November, 2010. Plaintiff did not address this argument at the hearing and did not dispute defense counsel's position that the argument had been abandoned. Accordingly, the Court finds that Plaintiff has abandoned this argument.

requested, "All documents reflecting the chemical composition of Momentive's Thermoset Resins." Doc. 76-1 at 6.

Accordingly, Plaintiff's Amended Motion to Compel Discovery (Doc. 76) is DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on December 2, 2011.

_____
THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel