UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RES DEVELOPMENT CORPORATION,

    Plaintiff,

v.                                                      Case No. 5:09-cv-491-Oc-10TBS

MOMENTIVE PERFORMANCE MATERIALS, INC.,

    Defendant.
_____/

## ORDER

Pending before the Court are Plaintiff's Motion to Compel Discovery (Doc. 121) and Plaintiff's Motion for Extension of Time to File Motion to Compel Discovery (Doc. 122), both of which were filed on May 25, 2012. Defendant has filed responses in opposition. (Docs. 126, 127). The Court will address the motions in the order in which they were filed.

The Court's Case Management and Scheduling Order ("CMSO") (Doc. 95) established a May 3, 2012 deadline to complete discovery. The CMSO clearly states that with respect to discovery matters:

> the date set forth above is the <u>final</u> date discovery shall be completed. All requests and motions pertaining to discovery shall be filed promptly so that the discovery desired will be due <u>prior</u> to the completion date. Specifically, motions to compel brought pursuant to Rule 37 must be filed <u>no later than</u> the close of discovery.

Despite this clear language, Plaintiff filed the instant motion to compel more than three weeks after the discovery deadline. Plaintiff has not offered any compelling reason for the Court to ignore its own Order. Accordingly, Plaintiff's motion to compel is due to be denied as untimely.

The Court is unpersuaded that it should amend the CMSO and re-open discovery. Scheduling orders "control the subsequent course of the action unless modified by a subsequent order," Fed.R.Civ.P. 16(e), and may be modified only "upon a showing of good cause." Fed.R.Civ.P. 16(b). This good cause standard precludes modification unless the schedule cannot "be met despite the diligence of the party seeking the extension." Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed.R.Civ.P. 16 advisory committee's note). Plaintiff has failed to demonstrate good cause. The record shows Plaintiff's failure to comply with the CMSO resulted in large part from its own lack of diligence in pursuing discovery.

Finally, Plaintiff's counsel is reminded that before filing a motion in a civil case, he is required to "confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion." See Local Rule 3.01(g). It appears the only communication between the parties was a letter dated May 10, 2012, from Plaintiff's counsel asking Defendant to produce documents (Doc. 121-6) and defense counsel's letter in response (Doc. 121-7). These letters do not constitute a "good faith effort" to resolve the dispute.

Accordingly, Plaintiff's Motion to Compel Discovery (Doc. 121) and Plaintiff's Motion for Extension of Time to File Motion to Compel Discovery (Doc. 122) are both DENIED.

IT IS SO ORDERED.

DONE AND ORDERED in Ocala, Florida, on June 19, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel





DONE AND ORDERED in Ocala, Florida, on June 19, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel